UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA REED,

    Plaintiff,

v.                                       Case No. 8:17-cv-1051-T-33AEP

U.S. BANK NATIONAL ASSOCIATION,
OCWEN LOAN SERVICING, LLC,
et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon consideration of pro se Plaintiff Patricia Reed's Emergency Motion for a TRO or Injunction to Stop Eviction (Doc. # 9), filed on May 10, 2017. Defendants U.S. Bank National Association, Ocwen Loan Servicing, LLC, Mortgage Electronic Registrations Systems, Inc. (MERS), American Brokers Conduit, and "Does 1 through 10 inclusive" have not yet been served, nor made an appearance. For the reasons below, the Motion is denied insofar as it requests a temporary restraining order.

**Discussion**

On May 5, 2017, Reed filed her Complaint against Defendants seeking cancellation and expungement of Reed's

1

mortgage recorded with the Sarasota County Recorder's Office and a declaration that the mortgage is voidable. (Doc. # 1). Thereafter, Reed filed the pending Motion seeking an emergency temporary restraining order or injunction to prevent eviction from her home. (Doc. # 9). The Motion reads:

> Comes now, Patricia Reed, Debtor the undersigned acting pro se, proceeding to make the above captioned Emergency Motion, and hereby shows cause;
>
> 1. Plaintiff has been served with a Writ of Possession regarding the Subject Property of the above styled Case EXHIBIT 1.
>
> 2. Excerpted Copy of the Docket for Case Number: 2008 CA 015437 NC, In the Circuit Court of the 12th Judicial Circuit of Florida, in and for Sarasota County. EXHIBIT 2.

(Id. at 1). The Motion ends with excerpts from three sections of the Florida Statutes regarding the transfer of negotiable instruments. (Id. at 2).

A Court may issue a temporary restraining order if the movant establishes: "(1) a substantial likelihood of success on the merits; (2) that irreparable injury will be suffered if the relief is not granted; (3) that the threatened injury outweighs the harm the relief would inflict on the non-movant; and (4) that entry of the relief would serve the public interest." Schiavo ex rel. Schindler v. Schiavo, 403 F.3d 1223, 1225-26 (11th Cir. 2005). Reed has made no attempt to

demonstrate a substantial likelihood of success on the merits of her Complaint. See Id. at 1226 ("Controlling precedent is clear that injunctive relief may not be granted unless the plaintiff establishes the substantial likelihood of success criterion."). Nor has she alleged she will suffer an irreparable injury if the Motion is denied.

Furthermore, "[u]nder the Anti-Injunction Act, a district court may not enjoin state proceedings 'except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments.'" Arthur v. JP Morgan Chase Bank, NA, 569 Fed. Appx. 669, 678 (11th Cir. 2014) (quoting 28 U.S.C. § 2283)). "The . . . 'necessary in aid of its jurisdiction' exception[] applies in two narrow circumstances: (1) the federal court gains jurisdiction over *res* in an *in rem* proceeding before a party brings a subsequent state court action; or (2) the federal court is presented with a similar context," e.g., the need to protect an earlier-issued injunction. Id. (citing Burr & Forman v. Blair, 470 F.3d 1019, 1028-29 (11th Cir. 2006)). "[T]he third exception, known as the "relitigation exception," . . . is applicable where subsequent state law claims 'would be precluded by the doctrine of res judicata.' . . . In addition to the existence of a federal judgment,

3

'the party seeking the injunction must make a strong and unequivocal showing of relitigation.'" Id. at 678-79 (citations omitted).

Here, Reed has failed to demonstrate any of the three exceptions apply. The Motion does not point to any act of Congress that would allow for injunctive relief. Id. (finding first exception not met where party seeking injunction failed to cite an act of Congress allowing for injunctive relief). In addition, the Court is not proceeding *in rem* as it has not obtained jurisdiction over *res*. Furthermore, Reed has not pointed to any previously-issued federal injunction that must be protected against her eviction. Finally, Reed has not shown the existence of a prior federal judgment in her favor. Id. at 678-79 (finding third exception not met where party seeking injunction failed to point to a federal judgment issued in its favor). Accordingly, Reed's request for a temporary restraining order is denied. See Dyer v. The Bank of N.Y. Mellon, No. 5:17-cv-130-Oc-30PRL, 2017 WL 1165552, at *2 (M.D. Fla. Mar. 29, 2017)(denying plaintiff's request for an injunction to prevent foreclosure sale under the Anti-Injunction Act); Littlejohn v. CitiMortgage, Inc., No. 3:15-cv-194-J-34JRK, 2015 WL 789131, at *2 (M.D. Fla. Feb. 24, 2015)(same).

To the extent the Motion requests a preliminary injunction, it is referred to the Honorable Anthony E. Porcelli, United States Magistrate Judge, for a report and recommendation.

Accordingly, it is

**ORDERED, ADJUDGED,** and **DECREED**:

(1) Pro se Plaintiff Patricia Reed's Emergency Motion for a TRO or Injunction to Stop Eviction (Doc. # 9) is **DENIED** insofar as it seeks a temporary restraining order.

(2) To the extent the Motion requests a preliminary injunction, it is referred to the Honorable Anthony E. Porcelli, United States Magistrate Judge, for a report and recommendation.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 10th day of May, 2017.

/s/ Virginia M. Hernandez Covington
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE