UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA REED,

    Plaintiff,

v.                                    Case No. 8:17-cv-1051-T-33AEP

U.S. BANK NATIONAL ASSOCIATION,
OCWEN LOAN SERVICING, LLC,
et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon sua sponte review of pro se Plaintiff Patricia Reed's Complaint, filed on May 5, 2017. (Doc. # 1). For the reasons that follow, the Court dismisses the Complaint and grants Reed leave to file an amended complaint by June 8, 2017.

**I. Background**

Reed initiated this action on May 5, 2017, against Defendants U.S. Bank National Association, Ocwen Loan Servicing, LLC, Mortgage Electronic Registrations Systems, Inc. (MERS), American Brokers Conduit, and "Does 1 through 10 inclusive." (Doc. # 1). The Complaint references numerous state and federal statutes but only lists two causes of action

1

for (1) Cancellation and Expungement of an Instrument ("Assignment of Mortgage"), seeking cancellation and expungement of the mortgage recorded with the Sarasota County Recorder's Office; and (2) Declaratory Relief, seeking a declaration that the mortgage on file with the county recorder is voidable. (Id. at 41-42). Reed also filed an additional memorandum of law in support of her Complaint, including excerpts from various statutes and consent orders entered between Ocwen, U.S. Bank, and MERS and the Comptroller of the Currency of the United States. (Doc. # 2).

Essentially, Reed argues her mortgage is voidable and the Defendant companies "do not have a lawful ownership or a security interest in [her] home." (Doc. # 1 at ¶ 14).

## II. The Complaint Does Not Establish the Basis for the Court's Jurisdiction

### A. Federal Question

Federal courts are courts of limited jurisdiction. Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). And "because a federal court is powerless to act beyond its statutory grant of subject matter jurisdiction, a court must zealously [e]nsure that jurisdiction exists over a case, and should itself raise the question of subject matter jurisdiction at any point in the litigation where a doubt

2

about jurisdiction arises." Smith v. GTE Corp., 236 F.3d 1292, 1299 (11th Cir. 2001).

Generally, the district courts have jurisdiction over cases "arising under the Constitution, laws, or treaties of the United States." 28 U.S.C. § 1331. As stated in Merrell Dow Pharmaceuticals, Inc. v. Thompson, 478 U.S. 804 (1986), "the question of whether a claim 'arises under' federal law must be determined by reference to the well-pleaded complaint." Id. at 808. The Supreme Court has explained that "[u]nder the longstanding well-pleaded complaint rule, . . . a suit arises under federal law only when the plaintiff's statement of his own cause of action shows that it is based upon federal law." Vaden v. Discover Bank, 556 U.S. 49, 60 (2009)(internal citations omitted).

Within these parameters, the Supreme Court has clarified that a cause of action can arise under federal law in one of three ways. Franchise Tax Bd. v. Constr. Laborers Vacation Tr., 463 U.S. 1, 8 (1983). First, a federal law may "create the cause of action." Id. at 8-9. Second, a cause of action may arise where "some substantial, disputed question of federal law is a necessary element of one of the well-pleaded state claims." Id. at 13. Third, a cause of action may arise where "a federal cause of action completely preempts a state

3

cause of action." Id. at 24. The mere mention of a federal statute in a complaint does not create federal question jurisdiction. Hill v. Marston, 13 F.3d 1548, 1550 (11th Cir. 1994). Rather, federal question jurisdiction requires that a party assert a substantial federal claim. Hagans v. Lavine, 415 U.S. 528, 536 (1976); see also Baker v. Carr, 369 U.S. 186, 199 (1962)(holding that if jurisdiction is based on a federal question, the plaintiff must show that he has alleged a claim under federal law that is not frivolous).

The Complaint is unclear regarding the basis for the Court's exercise of jurisdiction. Although the Complaint references various federal statutes and states that federal question jurisdiction exists, neither of the two causes of action is brought under a federal statute or the United States Constitution. (Doc. # 1 at ¶ 1). In fact, neither cause of action states the legal basis for the claim, leaving the Court to guess what federal statute could form the basis of the claim. The first cause of action, labeled Cancellation and Expungement of an Instrument ("Assignment of Mortgage"), appears to be a state common law claim for rescission of the mortgage.

While the second cause of action seeks declaratory relief, the Complaint does not state whether Reed is bringing

this claim pursuant to the federal Declaratory Judgment Act. Regardless, the "Declaratory Judgment Act does not itself confer jurisdiction upon federal courts." United States v. Knowles, -- F. App'x --, No. 16-15080, 2017 WL 1089497, at *1 (11th Cir. Mar. 23, 2017). Rather, it "allow[s] parties to precipitate suits that otherwise might need to wait for the declaratory relief defendant to bring a coercive action." Household Bank v. JFS Grp., 320 F.3d 1249, 1253 (11th Cir. 2003)(quotation omitted). "Thus, in the context of a declaratory judgment action, we must determine 'whether, absent the availability of declaratory relief, the instant case could nonetheless have been brought in federal court.'" Knowles, 2017 WL 1089497, at *1 (quoting Stuart Weitzman, LLC v. Microcomputer Resources, Inc., 542 F.3d 859, 862 (11th Cir. 2008)). Here, Reed seeks a declaration that the mortgage is voidable. If declaratory relief were unavailable, the case would involve state law claims brought by Defendants to foreclose on Reed's property based on their interest in the mortgage. Thus, Reed's claim for declaratory relief does not establish this Court's exercise of federal question jurisdiction.

And many of the federal statutes cited throughout the Complaint do not create private rights of action. For example,

15 U.S.C. § 7003 merely lists the exceptions to 15 U.S.C. § 7001, which states contracts should not be denied legal effect because an electronic signature of record was used in their formation. 15 U.S.C. §§ 7001, 7003. Reed also quotes a criminal statute, 18 U.S.C. § 1021, which criminalizes the false certification of unrecorded property conveyances by an officer or other person authorized by any law of the United States to record a conveyance of real property. (Doc. # 1 at 16). But, this is a civil case — not a criminal action. See Fisher v. Conseco Fin. Co., No. 3:07CV266/RV/MD, 2007 WL 3012881, at *3 (N.D. Fla. Oct. 12, 2007)("Rarely is there a private right of action under a criminal statute." (citing Chrysler Corp. v. Brown, 441 U.S. 281, 316 (1979))).

Reed also has not identified what substantial question of federal law, if any, is a necessary element of her claims. A question of federal law is substantial if "the vindication of a right under state law necessarily turn[s] on some construction of federal law." Merrell Dow, 478 U.S. at 808-09 (quoting Franchise Tax Bd., 463 U.S. at 9); see also Templeton Bd. of Sewer Comm'rs., 352 F.3d at 38 (noting that even where the federal law invoked does not create a private right of action, "when the interpretation of federal law is outcome-determinative, subject matter jurisdiction may be

6

properly exercised"). Reed seems to invoke numerous federal statutes and Defendants' prior consent orders merely to accuse Defendants of wrongful mortgage handling practices in general. But the vindication of Reed's rights concerning her mortgage in particular do not turn on federal law. Nor has Reed brought a federal cause of action that preempts state law causes of action.

If Reed wishes to invoke this Court's federal question jurisdiction, she should clarify in her amended complaint whether she is bringing any claims directly under a federal statute or constitutional provision or whether her state claims turn on a matter of federal law.

**B. <u>Diversity of Citizenship</u>**

The Complaint also fails to sufficiently allege a basis for this Court's exercise of diversity jurisdiction. When jurisdiction is premised upon diversity of citizenship, 28 U.S.C. § 1332(a) requires complete diversity of citizenship and that "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs."

Based on the allegations of the Complaint, the Court cannot determine that complete diversity of citizenship exists. Reed has not alleged her citizenship, although she alleges her home is located in Sarasota County, Florida. (Doc.

7

# 1 at ¶ 6). If Reed is domiciled in Florida, she is a Florida citizen and should explicitly state her citizenship in the amended complaint. See McCormick v. Aderholt, 293 F.3d 1254, 1257 (11th Cir. 2002)("Citizenship is equivalent to 'domicile' for purposes of diversity jurisdiction.").

Reed alleges Defendant Ocwen Loan Servicing, LLC, is "headquartered in West Palm Beach, Florida." (Doc. # 1 at ¶ 7). But, "like a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen." Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). If any of Ocwen's members is a Florida citizen, then Ocwen is a Florida citizen and complete diversity of citizenship would not exist if Reed is also a Florida citizen.

Reed asserts Defendant American Brokers Conduit is "a Texas corporation headquartered in Dallas, Texas," which would make it a Texas citizen. (Doc. # 1 at ¶ 7); see 28 U.S.C. § 1332(c)(1)(establishing that corporations are deemed citizens of "every State and foreign state by which it has been incorporated and of the State or foreign state where it has its principal place of business"). But Reed then claims American Brokers Conduit "went out of business on November 30, 2010 as per its Chapter 11 liquidation filing under

8

bankruptcy" and its assets are now owned by "the Greentree Mortgage Company L.P. of Marlton, New Jersey." (Doc. # 1 at ¶ 7). It is unclear whether Reed wishes to sue the defunct American Brokers Conduit or the Greentree Mortgage Company L.P. If Reed wishes to name Greentree Mortgage Company L.P. as a defendant, she should clarify that. She must also allege the citizenships of all of Greentree Mortgage Company's partners because limited partnerships are citizens of any state of which a partner is a citizen. See Rolling Greens MHP, L.P., 374 F.3d at 1022 (noting limited partnerships are citizens of every state of which a partner is a citizen).

Furthermore, the Complaint contains no allegations about the citizenships of the ten unidentified Defendants, whom Reed calls "Does 1 through 10 inclusive." If Reed continues to assert claims against unidentified "John Does" in her amended complaint, the Court will be unable to determine whether complete diversity of citizenship exists. Cf. PNC Bank, N.A. v. H.R. United, Inc., No. 6:13-cv-949-Orl-37GJK, 2013 WL 12166243, at *1 (M.D. Fla. June 20, 2013)("For cases whose claims are brought solely under the court's diversity jurisdiction, the general rule is that the presence of fictitious parties destroys diversity.").

The Court is also unable to determine the amount in controversy. Although Reed states she is seeking "compensatory, punitive, special and general damages" in the Complaint's introduction section, she does not include damages in her prayer for relief. (Doc. # 1 at ¶ 12). Nor does Reed ever state the amount of damages she seeks.

The types of relief specified in Reed's two causes of action are entirely speculative without further information. Reed seeks a court order directing the Sarasota County Recorder's Office to cancel and expunge her mortgage from the record for Reed's property. (Id. at 41). She also seeks a declaration regarding "whether [the] subject 'Recordation of Mortgage' is a voidable instrument" and "whether the 'Recordation of Mortgage' factually or legally amounted to assign anything whatsoever, and further whether it exists as a 'Cloud' on Plaintiff's Land Record/Real Property Title and hence should be removed." (Id. at ¶ 51).

"For amount in controversy purposes, the value of injunctive or declaratory relief is the 'value of the object of the litigation' measured from the plaintiff's perspective." Morrison v. Allstate Indem. Co., 228 F.3d 1255, 1268 (11th Cir. 2000)(citation omitted). "Stated another way, the value of declaratory relief is 'the monetary value of the

benefit that would flow to the plaintiff if the [relief he is seeking] were granted.'" S. Fla. Wellness, Inc. v. Allstate Ins. Co., 745 F.3d 1312, 1316 (11th Cir. 2014)(citation omitted). Reed indicates that the original mortgage amount in 2006 was $169,400. (Doc. # 1 at 12). But the Complaint does not state the remaining balance owed on the mortgage, so the Court cannot determine the financial value to Reed of the mortgage being declared voidable.

If Reed wishes to proceed in this Court on the basis of diversity jurisdiction, she should clearly identify the citizenships of all parties and provide more information on the amount in controversy.

### C. Rooker-Feldman Doctrine

There is another potential problem regarding the Court's jurisdiction. Reed states she stopped making payments on the mortgage and "was subsequently illegally foreclosed upon." (Doc. # 1 at ¶ 20). "Under the Rooker–Feldman doctrine, a district court lacks jurisdiction over claims 'brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Valentine v. BAC Home Loans Servicing, L.P., 635 F. App'x 753, 756 (11th Cir.

11

2015)(quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)). "The doctrine extends to claims involving issues that are 'inextricably intertwined with the state court judgment,' i.e., claims that would 'effectively nullify' the state court judgment or that would 'succee[d] only to the extent that the state court wrongly decided the issues.'" Valentine, 635 F. App'x at 756–57 (quoting Casale v. Tillman, 558 F.3d 1258, 1260 (11th Cir. 2009).

If a state court has determined Reed's mortgage is valid and has foreclosed upon her home, this Court cannot serve in an appellate capacity and second-guess that court's decision about the enforceability of the mortgage. See Sitton v. United States, 413 F.2d 1386, 1389 (5th Cir. 1969)("The jurisdiction possessed by the District Courts of the United States is strictly original. A federal district court has no original jurisdiction to reverse or modify the judgment of a state court. Federal courts have no authority to act as an appellate arm of the state courts."). The proper remedy would be to appeal the state court's foreclosure judgment through the state court system.

But the status of the foreclosure proceedings is unclear and the Court is uncertain whether Reed seeks to have the Court review the state court's judgment. In her amended

12

complaint, Reed should clarify whether the foreclosure proceedings are ongoing or whether a judgment of foreclosure has been entered.

### III. **The Complaint is a Shotgun Complaint**

#### A. **Legal Standard**

The Court construes pro se pleadings liberally and holds them to a less stringent standard than those drafted by attorneys. Hughes v. Lott, 350 F.3d 1157, 1160 (11th Cir. 2003). But "a pro se litigant is still required to conform to procedural rules, and a district judge is not required to rewrite a deficient pleading." McFarlin v. Douglas Cty., 587 F. App'x 593, 595 (11th Cir. 2014). A district judge may sua sponte dismiss a complaint for failure to comply with the federal rules. Id. (citations omitted). Likewise, "[t]he district judge also has the inherent authority sua sponte to require the plaintiff to file a more definite statement." Id. (citing Fikes v. City of Daphne, 79 F.3d 1079, 1083 n.6 (11th Cir. 1996)).

Pursuant to Rule 8(a), Fed. R. Civ. P., a pleading that states a claim must contain, among other things, "a short plain statement of the claim showing that the pleader is entitled to relief." Additionally, Rule 10(b) provides that "[a] party must state its claims or defenses in numbered

paragraphs, each limited as far as practicable to a single set of circumstances." Fed. R. Civ. P. 10(b). Taken together, these rules "require the pleader to present his claims discretely and succinctly." Fikes, 79 F.3d at 1082 (citation omitted).

Complaints that fail to plead discretely and succinctly are often shotgun complaints. The Eleventh Circuit has described four varieties of shotgun complaints: (1) "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"; (2) a complaint that is "replete with conclusory, vague, and immaterial facts not obviously connected to any particular cause of action"; (3) a complaint that does "not separat[e] into a different count each cause of action or claim for relief"; and (4) a complaint that "assert[s] multiple claims against multiple defendants without specifying which of the defendants are responsible for which acts or omissions, or which of the defendants the claim is brought against." Weiland v. Palm Beach Cty. Sheriff's Office, 792 F.3d 1313, 1322-23 (11th Cir. 2015).

"The unifying characteristic of all types of shotgun pleadings is that they fail to . . . give the defendants adequate notice of the claims against them and the grounds

14

upon which each claim rests." Id. at 1323. In such cases, it is "virtually impossible to know which allegations of fact are intended to support which claim(s) for relief." Anderson v. Dist. Bd. of Trs. of Cent. Fla. Cmty. Coll., 77 F.3d 364, 366 (11th Cir. 1996). A defendant faced with such a complaint is not expected to frame a responsive pleading. Id. "The Federal Rules of Civil Procedure, pertinent precedent, sound principles of litigation management, and fairness to the opposing party almost uniformly commend requiring a litigant to submit a complaint that is not a 'shotgun pleading' and that otherwise complies with the salutary rules of pleading." Stevens v. Barringer, No. 2:11-cv-697-UA-SPC, 2013 WL 24272, at *2 (M.D. Fla. Jan. 2, 2013).

### B. Discussion

In addition to insufficiently establishing jurisdiction, the Complaint is a shotgun complaint. Reed's second cause of action, for declaratory relief, impermissibly "incorporates by reference, restates, re-alleges, and reasserts any and all previously alleged allegations, facts, herewith." (Doc. # 1 at ¶ 50); see Weiland, 792 F.3d at 1322-23 (describing one type of shotgun complaint as "a complaint containing multiple counts where each count adopts the allegations of all preceding counts"). Thus, the allegations of the first cause

15

of action are incorporated into Reed's claim for declaratory relief.

Additionally, the causes of action do not state their legal basis, which forces the Court and Defendants to comb through forty pages of the Complaint to determine which statutes cited in the factual allegations could support Reed's claims. In her amended complaint, Reed should label each cause of action as a numbered count and should clearly identify the legal basis for that claim.

It is also unclear whether Reed is attempting to bring more than the two listed causes of action. For example, following the count for declaratory relief, Reed states:

> Defendants have ignored and obfuscated Plaintiff's attempts to obtain information under Notice of Error & Request for "Validation of Debt"/"Proof of Claim Request," of the Fair Debt Collection Practices Act (FDCPA). This is in violation of numerous Florida State Statute[s], United States Title U.S.C. and Uniform Commercial Statutes violated by the Defendants.

(Doc. # 1 at 44). If Reed wishes to assert additional claims under the FDCPA — or any other statute — she should clearly label that claim as a numbered count.

Indeed, the Complaint references numerous state and federal statutes that do not support her claims. As previously mentioned, Reed quotes a criminal statute, 18 U.S.C. § 1021,

which criminalizes the false certification of unrecorded property conveyances by an officer or other person authorized by any law of the United States to record a conveyance of real property. (Id. at 16). That statute is irrelevant to Reed's civil claims for cancellation of her mortgage and declaratory relief. The Complaint also states "Plaintiff relies upon reference to Plaintiff's Memorandum of Law filed contemporaneously herewith." (Id. at 44). A complaint should be a single document that clearly and succinctly states a plaintiff's claims. Thus, in her amended complaint, Reed should not include a separate memorandum of law and should refrain from including references to or excerpts from irrelevant statutes and consent orders.

Finally, although the Complaint's caption labels it as a "petition for declaratory judgment and injunctive relief," neither cause of action seeks injunctive relief. (Id. at 1). Reed also states in the introduction that she is seeking "compensatory, punitive, special and general damages." (Id. at ¶ 12). But neither cause of action requests damages, instead requesting rescission of the mortgage and a declaration that the mortgage is voidable. Thus, Defendants are left uncertain regarding the types of relief Reed seeks.

17

**IV. Conclusion**

Because it fails to sufficiently establish a basis for the Court's jurisdiction and is a shotgun complaint, the Complaint is dismissed with leave to amend by June 8, 2017. Failure to do so will result in dismissal of this action without further notice

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED:**

Plaintiff Patricia Reed's Complaint (Doc. # 1) is **DISMISSED**. Reed may file an amended complaint by **June 8, 2017.** Failure to do so will result in dismissal of this action without further notice.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 11th day of May, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE