UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

PATRICIA REED,

    Plaintiff,

v.                                Case No. 8:17-cv-1051-T-33AEP

U.S. BANK NATIONAL ASSOCIATION,
OCWEN LOAN SERVICING, LLC,
et al.,

    Defendants.
_____/

**ORDER**

This matter comes before the Court upon sua sponte review of pro se Plaintiff Patricia Reed's Amended Complaint, filed on July 11, 2017. (Doc. # 18). For the reasons that follow, the Court dismisses the Amended Complaint with leave to amend by August 17, 2017, and extends the service deadline to September 5, 2017.

**I.   Discussion**

Reed initiated this action on May 5, 2017, against Defendants U.S. Bank National Association, Ocwen Loan Servicing, LLC, Mortgage Electronic Registrations Systems, Inc. (MERS), American Brokers Conduit, and "Does 1 through 10 inclusive." (Doc. # 1). Because the Complaint failed to allege

1

a basis for the exercise of this Court's jurisdiction, the Court dismissed the Complaint with leave to amend in a detailed Order on May 11, 2017. (Doc. # 11). In that Order, the Court explained the importance of sufficiently pleading a basis for this Court's exercise of jurisdiction and clearly identifying Reed's causes of action and their legal bases. (Id.).

Subsequently, Reed filed her Amended Complaint on July 11, 2017. (Doc. # 18). Reed argues her mortgage is voidable, the Defendant companies "do not have a lawful ownership or a security interest in [her] home," and thus the foreclosure of her home and her eviction were wrongful. (Id. at ¶¶ 13, 32).

The Amended Complaint suffers from many of the Complaint's flaws. The Court is still unable to clearly determine Reed's theory for this Court's exercise of jurisdiction. For example, Reed states she "wishes to invoke this Honorable Court's federal question jurisdiction as [she] is bringing claims directly under Federal Statu[t]e and constitution provision as [her] state claims turn on a matter of Federal law." (Id. at ¶ 22). It is clear Reed is invoking federal question jurisdiction, rather than diversity jurisdiction. But the Court does not know whether she is arguing that federal question jurisdiction exists (1) because

some of her claims arise directly under federal law or the constitution while her state law claims also raise substantial questions of federal law or (2) all her claims are state law claims that raise substantial questions of federal law. The Court notes that Reed does not explicitly identify the substantial questions of federal law she believes her state claims raise.

Additionally, the Court is unable to determine exactly what causes of action Reed is bringing, and the legal basis for those claims. For example, Reed's fifth cause of action is inscrutable. It reads:

> Defendants have from the onset Plaintiffs have acted wrongfully with knowledge, it would be absurd that Defendants would not know they brought a wrongful prosecution of the foreclosure complaint, have compounded their acts with a illegal eviction. Thereby, leaving Plaintiff homeless and retendered loss of individual independency regarding the constitutional right to defend Plaintiff's real property and denying Plaintiff the right pursue individual freedom and happiness.

(Doc. # 18 at 41). The Court is unsure of what claim this fifth cause of action is raising. Is it a state claim for wrongful foreclosure? For illegal eviction? Or is it a claim that the various mortgage servicers violated her constitutional rights? If so, what constitutional rights and how did the Defendants violate them?

3

If Reed files a second amended complaint, she should only include one claim for relief under each cause of action. She should clearly identify or label what that claim is and its legal basis — for example, wrongful foreclosure or intentional infliction of emotional distress.

Finally, the sixth cause of action is labelled as a stand-alone claim for "Damages." (Doc. # 18 at 41). But a request for damages arising from her other claims is not a separate cause of action. If Reed is seeking damages for her claims, she should list that requested relief under each cause of action for which she is seeking damages.

Accordingly, it is

**ORDERED, ADJUDGED** and **DECREED**:

The Amended Complaint is **DISMISSED** with leave to amend by **August 17, 2017.** If Reed fails to file a second amended complaint by that date, the case will be dismissed without further notice. Additionally, the Court extends the service deadline to **September 5, 2017,** so that Reed will have sufficient time to serve the second amended complaint.

**DONE** and **ORDERED** in Chambers in Tampa, Florida, this 17th day of July, 2017.

_____
VIRGINIA M. HERNANDEZ COVINGTON
UNITED STATES DISTRICT JUDGE